IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| **MINING ROCK EXCAVATION AND CONSTRUCTION LLC** | **PLAINTIFF/ COUNTER-DEFENDANT** |
| v. | NO. 3:16-CV-00297-DPM |
| **TERRAFIRM CONSTRUCTION, LLC (A MAHAN COMPANY)** | **DEFENDANT/ COUNTER-PLAINTIFF** |

**PLAINTIFF'S RESPONSE TO MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Mining, Rock Excavation and Construction LLC ("Plaintiff"), by its attorneys, Wright, Lindsey & Jennings LLP, for its response to TerraFirm Construction, LLC's ("Defendant") motion for temporary restraining order and preliminary injunction, states:

I.   **INTRODUCTION**

This is an action for replevin pursuant to Arkansas Code Annotated § 18-60-801 *et seq.* and for breach of contract resulting from Defendant's failure to make any payments for a leased Hutte 205GT Crawler Drill, Serial Number H205UU0186 (the "Drill"). If Defendant's assertions are to be believed, the Drill is simultaneously both extremely unreliable and truly unique and integral to work being performed on a 124 year old bridge.[1] Beyond the incongruity of Defendant's account, its statement inadvertently discloses an important fact. Simply, the age of the bridge far exceeds the age of the Drill. Logically, original construction of the

---

[1] If the Drill is as unreliable as Defendant asserts, one must genuinely wonder why, Defendant fights so hard to retain possession.

1352196-v1

bridge involved equipment and methods that did not include the Drill, methods and equipment that could be employed to complete the bridge if Defendant so desires. Moreover, Defendant has already asserted a counter-claim seeking money damages. Either Defendant genuinely believes that such damages are available or its counter-claim is frivolously asserted. Under these circumstances, it is impossible for Defendant to demonstrate irreparable harm resulting from restoring the Drill to Plaintiff, its rightful owner. Additionally, Defendant cannot meet the remaining elements necessary to obtain injunctive relief. Therefore, the Court should deny Defendant's request for injunctive relief.

## II.   FACTS

On or about March 15, 2016, Plaintiff and Defendant executed a Rental Contract ("the Contract"), whereby Defendant rented the Drill. The Drill was to be used at the BNSF Project #BF100008536 West Bridge 482.1 LS 1001 over the Mississippi River located in Marion/West Memphis, Arkansas. Pursuant to its Contract with Plaintiff, in exchange for conditional use and possession of the Property, Defendant agreed to pay $19,500.00, exclusive of taxes, for every thirty (30) day period, plus certain additional charges for use of the Property beyond the hourly allotment or "overtime". Pursuant to the Contract, "2. Payment shall be made within 30 days from receipt of invoice." Further,

> If this equipment is subject to a break-down due to no fault of the Buyer or due to reasons other than those caused by the Buyer, Seller shall repair the machine within three (3) days of Buyer notice of breakdown <u>or</u> adjust rent back to the date of the breakdown, <u>or</u> provide an equal

replacement machine, at the Seller's cost including costs to mobilize the replacement machine.

Contract at ¶ 10 (emphasis added).

On September 26, 2016, Plaintiff filed its Verified Complaint for Breach of Contract, for Constructive Trust, and for Replevin (the "Complaint") against Defendant as a result of Defendant's failure to make any lease payments on the Drill. In accordance with Arkansas Code Annotated § 18-60-801, *et seq*. the Complaint, Affidavit for Replevin, Replevin Notice, and Summons were served upon Defendant, via its Registered Agent, on September 26, 2016. The replevin notice clearly states:

> If you have any objections to entry of this order which will require you to deliver the collateral described in the complaint, it must be made in the form of a written response filed within five (5) days of service of the summons and complaint, excluding Sundays and legal holidays, with a copy served on plaintiff's attorney. In the event no such written response is filed and served within the five (5) day period, the order of delivery shall issue forthwith.

Defendant admittedly failed to file an answer until after the deadline to respond expired. On October 20, 2016, Plaintiff filed its Motion to Set Aside Order of Delivery, Motion for Temporary Restraining Order and Preliminary Injunction, Answer, and Counter-claim. The focal point of Defendant's request for injunctive relief is its assertion that it will suffer irreparable harm if it is not allowed to continue to use Plaintiff's Drill without payment to Plaintiff.

### III. ARGUMENT

Federal courts consider injunctions to be extraordinary remedies, granted only in extraordinary circumstances. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981) (en banc). When considering whether to grant injunctive relief pursuant to Federal Rule of Civil Procedure 65, the Court should consider "(1) the threat of [immediate and] irreparable harm to the movant; (2) the balance between this harm and the injury that granting the injunction will inflict on the other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest." *See e.g., Id.* at 113. "The party seeking injunctive relief bears the burden of proving all the Dataphase factors." *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003) (emphasis added). Defendant has failed to carry and cannot carry its burden.

#### A. Defendant cannot demonstrate an "immediate and irreparable harm" or an inadequate legal remedy.

The basis of injunctive relief in the federal courts has always been irreparable harm and the inadequacy of legal remedies." *See e.g., Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996). As a result, this showing is "*always* required." *Wochos, supra,* 2008 WL 4183393, at *2 (emphasis original). "Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Watkins*, 346 F.3d at 844. Again, the burden of proof rests with the movant. *Wochos, supra,* 2008 WL 4183393 at *2.

Defendant alleges that irreparable ham will result if it is unable to retain possession of a Drill that it has alleged to be unreliable. Defendant further alleges

4

that the Drill is needed to help set the foundation for a 124 year old bridge. Defendant's own argument betrays why no irreparable harm can result from return of the leased Drill to Plaintiff, its rightful owner. While construction of the bridge with the Drill may be efficient, original construction of the bridge clearly predates the Drill. This fact alone demonstrates that there are other methods and equipment that can be utilized to achieve the same purpose that Defendant seeks to accomplish with the Drill, which is independently fatal to Defendant's request for injunctive relief. Moreover, there are additional facts that make clear that Defendant will suffer no irreparable harm by loss of the equipment. First, there is neither suggestion nor support for the proposition that Defendant is the only subcontractor capable of completing work on the Project. Second, if the Drill is as crucial to the bridge construction as Defendant represents, it seems logical that Defendant would pay the agreed lease amount in order to legally retain possession of the equipment. Instead, Defendant seeks to retain the equipment, refuse to make the agreed monthly lease payments, and complain about the equipment's reliability, all while incredibly suing Plaintiff for breach of the Contract. In essence, Defendant seeks to continue its breach of the Contract, while obtaining the Court's assistance in forcing Plaintiff to continue to perform. Third, the fact that Defendant has initiated a counter-claim seeking money damages is itself fatal to Defendant's claim of irreparable harm. Harm is not irreparable when it can be adequately addressed by money damages. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420

5

(8th Cir. 1986). Therefore, the Court should deny Defendant's request for injunctive relief.

>  **B.  The injury that granting the requested injunction will inflict on Plaintiff weighs heavily in favor of denying the requested injunctive relief.**

Forgetting the inherent inequity in sanctioning Defendant's efforts to retain possession of equipment for which it has made no payments, the potential harm to Plaintiff if an injunction is granted far outweighs any harm to Defendant. As set forth above, Defendant cannot prove irreparable harm. Conversely, Plaintiff will suffer harm if it is required to continue to subsidize Defendant's business with what is in essence an unintended, off-the-books, interest-free loan in the full amount of unpaid rental fees, which will continue to accrue for the duration of Defendant's possession. Simultaneously, Plaintiff will be forced to service the machine as a result of any mechanical issues arising from Defendant's misuse. Therefore, the Court should deny Defendant's request for injunctive relief.

>  **C.  Defendant cannot establish a probability of success on the merits sufficient to justify a temporary restraining order.**

Defendant's argument that it would prevail on the merits misapprehends law and fact. Defendant contracted to make lease payments for the Drill within thirty (30) days of receiving invoices. Defendant argues the Drill has experienced breakdowns. However, it is clear from Defendant's arguments that the Drill has been and continues to be of great valuable to Defendant. Importantly, Defendant has not deducted certain rent payments and remitted others. Seven months later, Defendant has made <u>no</u> lease payments. Likewise, Defendant erroneously argues

that it was entitled to an equal replacement for the Drill when breakdowns arose. Careful review of the contractual language on which Defendant relies reveals that Defendant's position mischaracterizes the Contract. Specifically, paragraph 10 of the Contract states:

> If this equipment is subject to a break-down due to no fault of the Buyer or due to reasons other than those caused by the Buyer, Seller shall repair the machine within three (3) days of Buyer notice of breakdown <u>or</u> adjust rent back to the date of the breakdown, <u>or</u> provide an equal replacement machine, at the Seller's cost including costs to mobilize the replacement machine.

(emphasis added).

Therefore, providing a replacement machine was only one of the three ways in which Plaintiff could proceed in the event of a breakdown. Defendant admittedly accepted and used a replacement machine. Further, Plaintiff gratuitously offered to both adjust rent and charge-off amounts from use of the replacement machine. Consequently, Defendant is unlikely to prevail on the merits of this case, and its motion for injunctive relief should be denied.

**D.  The public interest weighs against granting Defendant's motion.**

If there is a public interest to be vindicated, it is the public interest of upholding property rights. This existence of this public interest is supported by the replevin statutes employed in this case, which seek to restore possession to the rightful owner. "The purpose of a replevin order is to recover a creditor's property." *Gibson v. Regions Financial Corp.*, 557 F.3d 842, 845 (8th Cir. 2009). Therefore, Defendant is not entitled to injunctive relief.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court deny Defendant's motion for injunctive relief.

>WRIGHT, LINDSEY & JENNINGS LLP
>200 West Capitol Avenue, Suite 2300
>Little Rock, Arkansas 72201-3699
>(501) 371-0808
>Fax: (501) 376-9442
>E-Mail: djones@wlj.com
>
>By /s/ David L. Jones
>   David L. Jones (2002128)
>   *Attorneys for Mining, Rock Excavation and Construction LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

>Scott P. Richardson
>McDaniel, Richardson, & Calhoun PLLC
>1020 West 4th St., Suite 410
>Little Rock, AR  72201

>/s/ David L. Jones
>David L. Jones